| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Court Address: 1437 Bannock Street<br>Denver, CO 80202<br>_____<br>**PHILLIP BEITELMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**ADAM DROBNICK,**<br><br>Defendant. | DATE FILED: October 4, 2016 4:03 PM<br>FILING ID: CC2896A08AE4A<br>CASE NUMBER: 2016CV33635<br><br><br><br><br><br>▲   COURT USE ONLY   ▲ |
| *Attorneys for Plaintiff*<br>John T. O'Connell, Reg. No. 42248<br>Brett E. Myers, Reg. No. 35426<br>Lee, Myers & O'Connell, LLP<br>2851 S. Parker Road, Suite 760<br>Aurora, CO  80014<br>Phone Number: (303) 632-7172<br>E-mail: oconnell@lmoclaw.com | brett.myers@lmoclaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, Phillip Beitelman (hereinafter "Beitelman"), by and through his Attorney John T. O'Connell, Esq., Lee, Myers & O'Connell, LLP and for his claims against the Defendant, Adam Drobnick (hereinafter "Drobnick"), states as follows:

**PARTIES AND JURISDICTION**

1. At all times mentioned herein, Plaintiff Beitelman was and is a resident of the City and County of Denver, Colorado.

2. At all material times herein, Defendant Drobnick was and is a resident of the City of Pottsville, Schuylkill County, Pennsylvania.

3. Pursuant to C.R.C.P. 98 (c), venue is proper in the County named in the Complaint since the Plaintiff resides in the County named in the Complaint, and the Defendant has left the State of Colorado and/or may be tried in the county designated in the complaint.

**EXHIBIT A**

## GENERAL ALLEGATIONS

4. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

5. Plaintiff was injured in a three-vehicle collision which occurred on July 3, 2015, on the northbound on-ramp to interstate 225 at South Parker Road, in the City of Aurora, County of Arapahoe, Colorado.

6. Plaintiff was the driver of a Hyundai Tiburon when it was extremely damaged by the collision:



7. As a result of the collision, Plaintiff Beitelman suffered significant injuries including, but not limited to, hip contusion, concussion with loss of consciousness, post-traumatic headache, posterior headache, thoracic spine injuries, joint fixation, hypertonicity in the rectus and obliquus capitus, hypertonicity in the semispinalis and upper trapezius, cervical compression, soft tissue swelling, anterior subluxation with spinal joint fixation at T6, joint fixation and moderate loss of joint function at C1, C6, T6, and right ilium, malalignment in the sixth thoracic segment, and anterior displacement of the sixth thoracic vertebra with moderate fixation.

8. Plaintiff Beitelman was the properly restrained driver of his Hyundai Tiburon, legally traveling on a public way which also had its front and side air bag system activated in this accident:

**EXHIBIT A**



9.  Defendant Drobnick was driving a 2015 Ford F-150 at a high rate of speed, northbound on Parker Road approaching the Interstate 225 northbound ramp.

10. Defendant Drobnick rented the 2015 Ford F-150 involved in the collision from Avis/Budget.

11. Upon information and belief, at the time he rented the 2015 Ford F-150 involved in the collision from Avis/Budget he presented a Pennsylvania driver's license.

12. Upon information and belief, at the time he rented the 2015 Ford F-150 involved in the collision from Avis/Budget his Pennsylvania driver's license was suspended and/or revoked.

13. Upon information and belief, notwithstanding the suspended/revoked license to operate a motor vehicle, Avis/Budget rented the 2015 Ford F-150 to Defendant Drobnick.

14. Defendant Drobnick was negligent in the operation of his vehicle in that he approached the onramp to Interstate 225 from Parker Road at a high rate of speed, he missed the turn and drove through the grass median, and he caused his vehicle to strike the front passenger side of Defendant Beitelman's vehicle at a high rate of speed.

15. The impact of the initial collision with Plaintiff Beitelman caused Plaintiff Beitelman's vehicle to strike a third vehicle in front of him.

16. After the initial impact, Defendant Drobnick's vehicle crossed over the onramp to Interstate

**EXHIBIT A**

    225 and into the grass embankment on the opposite side of the embankment, striking a utility box and a concrete wall before coming to a stop.

17. While still in his vehicle, responding Officers asked Defendant Drobnick if he had been drinking before the crash.

18. Defendant Drobnick admitted to investigating officers that he had been drinking "too much."

19. Responding Officers observed Defendant Drobnick's bloodshot, watery and glassy eyes, dilated pupils, and slow, lethargic movements at the accident scene.

20. When asked how the accident happened by investigating officers, Defendant Drobnick responded that he did not know.

21. When asked by investigating officers how many drinks he had consumed prior to the crash, Defendant Drobnick responded that he did not remember.

22. When investigating Officers instructed Defendant Drobnick not to turn his head while still in his vehicle because it may cause further injury, Defendant Drobnick repeatedly responded by loudly saying "Thank you Daddy."

23. Defendant Drobnick was transported by ambulance to the Medical Center of Aurora.

24. Investigating officers asked Defendant Drobnick if he remembered what happened to cause the crash and he responded that he did not remember.

25. Defendant Drobnick's demeanor when questioned was angry, confrontational, and belligerent.

26. Defendant Drobnick was yelling his responses to the Officers.

27. When investigating officers asked Defendant Drobnick if he had consumed any alcohol or drugs before the crash, he responded that he did not remember.

28. Officers informed Defendant Drobnick that he had admitted at the scene of the crash to consuming "too much" alcohol before the crash.

29. Defendant Drobnick then admitted that he had been drinking, but could not remember how much he consumed, and could not remember when his first or last alcoholic drink had been.

30. Officers continued to observe Defendant Drobnick's bloodshot, watery and glassy eyes, dilated pupils, and lethargic movements.

31. When investigating officers asked Defendant Drobnick if he smoked marijuana, Defendant Drobnick replied that de did, but that he could not remember when he had last smoked

marijuana.

32. Officers found and photographed what appeared to be several containers of marijuana and drug paraphernalia that were found in the Defendant's vehicle:



33. Officers requested that Defendant Drobnick submit to blood testing for the presence of alcohol and/or drugs, based on observations and his previous admission to drinking "too much" at the scene of the crash.

34. Defendant Drobnick stated that he would cooperate with a blood draw.

35. Defendant Drobnick was unable to sign the consent form at this time.

36. Defendant Drobnick remained belligerent and was yelling at hospital personnel.

37. Officers informed Defendant Drobnick that he had caused injury to two other drivers which, had the injuries been reported as serious, would have resulted in felony charges.

38. When investigating officers asked Defendant Drobnick again what happened to cause the crash, Defendant Drobnick stated that he was driving "way too fast."

39. When investigating officers asked where Defendant Drobnick was coming from before the crash, Defendant Drobnick responded that he was coming from Denver.

40. Investigating officers then told Defendant Drobnick that, based on his direction of travel prior to the crash, that it appeared he was not coming from Denver and Defendant

**EXHIBIT A**

Drobnick's response was "I don't know."

41. When investigating officers asked Defendant Drobnick if he had smoked or consumed any drugs or marijuana in the hours prior to the accident, Defendant Drobnick stated that he did consume marijuana, but did not remember how much.

42. Defendant Drobnick was either unwilling or unable to sign the Permission for Examination Form.

43. Investigating officers witnessed the blood draw.

44. Defendant Drobnick was negligent in the operation of his vehicle in that he was under the influence of alcohol while driving his vehicle which impaired his ability to drive.

45. Defendant Drobnick was negligent in the operation of his vehicle in that he was under the influence of drugs while driving his vehicle which impaired his ability to drive.

46. Plaintiff Beitelman was not negligent on the date in question.

47. Plaintiff Beitelman has not failed to mitigate damages.

48. No other party contributed to the cause of the collision and/or Plaintiff Beitelman's injuries.

49. Defendant Drobnick failed to present evidence of automobile insurance at all relevant times during the crash investigation and hospital visit.

50. While at the hospital, Aurora Police served Defendant Drobnick an Arapahoe County court summons for August 18, 2015, for charges of Careless Driving Causing Bodily Injury, Failure to Present Evidence of Insurance Upon Request, and Driving a Vehicle While Under the Influence of Alcohol and/or Drugs or Both.

51. Defendant Drobnick failed to attend his August 18, 2015 court date.

52. The State of Colorado issued an arrest warrant for the Defendant's failure to appear.

53. Upon information and belief, Defendant Drobnick has not returned to the State of Colorado.

54. Plaintiff Beitelman sustained long-term and permanent injuries that result in ongoing migraine headaches, which interfered with his ability to complete his duties at work as an armored car driver.

55. Plaintiff Beitelman is an active member and trains monthly with the Colorado National Guard.

56. On at least two occasions, Plaintiff Beitelman has experienced debilitating migraine headaches, nosebleed and vomiting due to injuries from the July 3, 2015 collision while

training with the Colorado National Guard which leaves him unable to perform his assigned duties.

57. Plaintiff Beitelman experiences neck pain at work which continues when he gets home at night.

58. Plaintiff Beitelman's neck pain has progressed to a headache, leading to cause him to vomit and experience nose bleeds.

59. Plaintiff Beitelman was not eligible to complete an Officer Candidate program with the National Guard due to his injuries caused by the Defendant.

## FIRST CLAIM FOR RELIEF
*(Negligence – Defendant Adam Drobnick)*

60. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

61. Defendant Drobnick owed a duty to the public and Plaintiff Beitelman to operate his motor vehicle safely.

62. Defendant Drobnick caused the accident by his negligent, careless, and reckless operation of his motor vehicle.

63. Defendant Drobnick breached his duty to the Plaintiff and to the public at large to operate his vehicle lawfully, carefully, and prudently.

64. As a direct and proximate result of Defendant Drobnick's negligence, Plaintiff Beitelman incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, permanent disfigurement, loss of the value of time, and the loss of the enjoyment of life, among other injuries.

65. As a further direct and proximate result of the negligence of Defendant Drobnick, Plaintiff Beitelman has incurred and will continue to incur in the future medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of wages and/or loss of earning capacity, disability, impairment, disfigurement, and other damages and expenses. Plaintiff Beitelman's economic damages are still accruing.

## SECOND CLAIM FOR RELIEF
*(Negligence per se – [Violation of C.R.S. §42-4-1402(2)(B) (Careless Driving Causing Bodily Injury), C.R.S. §42-4-1409(3) (Failed to Present Evidence of Insurance Upon Request), and C.R.S. §42-4-1301(1)(A) (Driving Vehicle While Under the Influence of Alcohol and/or Drugs or Both)] – Defendant Adam Drobnick)*

66. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

**EXHIBIT A**

67. At all times material to the allegations in this Complaint, C.R.S. §§42-4-1402, 42-4-1409, and 42-4-1301 were laws in effect in the State of Colorado.

68. In the course of the motor vehicle collision described herein, Defendant Drobnick violated the above-mentioned statutes, and these actions constitute negligence *per se*.

69. Plaintiff Beitelman is a member of the group of persons that said statutes were intended to protect.

70. Defendant's violation of said statutes constitutes negligence *per se*, attaching liability to said Defendant for all injuries that have been proximately caused by the Defendant's illegal conduct.

71. As a direct and proximate result of Defendant Drobnick's negligence *per se*, Plaintiff Beitelman has incurred injuries and medical expenses as discussed previously within this Complaint and Jury Demand.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendant Drobnick in an amount that fully and fairly compensates Plaintiff for his economic losses sustained from the collision caused by Defendant Drobnick, including loss of home services, personal injuries, lost wages, impairment of earning capacity and medical and rehabilitative expenses, past, present, and future.  Defendant must also compensate Plaintiff for his non-economic losses which include personal injury, permanent injury, impairment of the quality of life, physical impairment, scarring and disfigurement, inconvenience, pain and suffering, emotional distress and other past, present, and future non-economic damages, together with pre-judgment interest from the date of plaintiff's injuries, post-filing interest and post-judgment interest.  Plaintiff further prays that the Court award his costs of this suit, expert witness fees, and for such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 4th day of October, 2016.

LEE, MYERS & O'CONNELL, LLP

By: */s/ John T. O'Connell*
John T. O'Connell (Reg. No. 42248)